UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**RECEIVED**
FEB 0 7 2022
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

Otha Eric Townsend, 178964

          Plaintiff,

vs.

Case No. 22-cv-358 DSD/TNL

Paul Schnell, Minnesota Commissioner
of Corrections, in his individual
and official capacity

**DEMAND FOR JURY TRIAL**

          Defendant.

YES _____ NO _____

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

I. PREVIOUS LAWSUITS:

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment in the last three years?  No.

II. PRESENT PLACE OF CONFINEMENT:

A. Is there a prisoner grievance procedure in the institution?

No.  There is not a grievance procedure to appeal the Minnesota Commissioner of Corrections decision within the Department of Corrections.  Commissioner of Corrections decision is final.

III. PARTIES:

A.   **Name of Plaintiff:**  Otha Eric Townsend
    **Prisoner Number:**  178964
    **Address:**  1101 Linden Lane; Faribault, Minnesota  55021

1



B. **Name of Defendant:** Paul Schnell

**Official Position:** Minnesota Commissioner of Corrections

**Employer's Address:** 1450 Energy Park Drive; Suite 200
St. Paul, Minnesota 55108

IV. STATEMENT OF THE CLAIM:

A. The change in parole eligibility brought by the Commissioner of Corrections, not by legislated actions, subjected the Plaintiff's 1992 offense to a more severe punishment then was prescribed by the 1992 Minnesota Legislators;

B. The Plaintiff, Otha Eric Townsend, offense occurred on October 31, 1992. The Plaintiff was arrested on September 21, 1993. The Plaintiff has been confined and restrained until now;

C. On September 29, 1994, the Plaintiff was found guilty of first degree murder. The 1992 Minnesota Legislators, stated, in sum, that a first degree murder convictions must serve a mandatory minimum of 30 years in prison; and thereafter, may be release to supervised release. There is no prerquisites to the supervised release; or, any discretionary authority given to the Commissioner of Corrections by the 1992 Legislators to deny release;

D. On May 02, 1995, Plaintiff agreed to a Alford Plea for a attempted murder charge. 72 month sentence imposed;

E. On June 01, 1995, the 72 month sentence was ran consecutively to the 30 years mandatory minimum sentence;

F. The Plaintiff was schedule to parole to his consecutive sentence on September 21, 2023;

G. On May 20, 2021, the Commissioner of Corrections summoned the Plaintiff to a hearing on September 13, 2021, by the Advisory Panel, to test his eligibility and suitability for parole on his mandatory minimum sentence. **Exhibits: 1 & 2;**

2

H.  On August 26, 2021, a preliminary hearing was held in preparation for the Advisory Panel Hearing by the Minnesota Correctional Facility -Faribault's Warden, on Plaintiff; and, a recommendation to the Advisory Panel was submitted. **Exhibit: 3;**

I.  On September 13, 2021, the Commissioner of Corrections ordered that the Advisory Panel will continue Plaintiff's parole eligibility determination for 3 years; and, as a prerequisite to Plaintiff's release, he must accomplish the following: (1). Remain discipline free; (2). Work with your caseworker to determine and participate in the best programming options to better develop your personnal insight, empathy, and to address your willingness to discuss your life sentence crime; (3). Participate in Restorative Justice programming to understand victim impact and whether gender violence may need to be explored; (4). Fully participate in Lifer Group when it is available; and, (5). Indentify treatment goals and seek out counseling with psychological staff. **Exhibits: 4 & 5;**

J.  The Advisory Panel did not exist in 1992 when Plaintiff's offense occurred; and, is not applicable to Plaintiff's 1992 offense;

K.  The Commissioner of Corrections violated the Plaintiff's rights to the Ex Post Facto Clause by retroactively applying the authority of an 1999 enacted statute to impose [programming] on Plaintiff's 1992 offense, as a prerequisite to earn release; and, the additional punishment of [programming] changed the punishment attached to the crime and made the Plaintiff's punishment more severe then prescribed by law at the time the Plaintiff's offense; and,

L.  The Commissioner of Corrections threat to extend the Plaintiff's mandatory minimum sentence beyond the 30 years term violated the Sixth Amendment, in conjunction with the Due Process Clause.

V.  REQUEST FOR RELIEF:

A   The Plaintiff request this Honorable Court to grant the following relief:

(1). Enter a permanent injunction removing all the additional punishment added to Plaintiff's 1992 offense/sentence on September 13, 2021;

(2). Declare that the Advisory Panel is not applicable to Plaintiff's 1992 offense;

(3). Declare that Plaintiff's 30 year mandatory minimum sentence ends on September 21, 2023;

(4). Award to Plaintiff Nominal; Compensatory; and, Punitive demages; and,

(5). Grant the Plaintiff such other relief as this Court deems just and proper.

VI. JURISDICTION AND VENUE:

A   Plaintiff is a citizen of the United States of America; and, this civil action, pursuant to 42 U.S.C. § 1983, is to redress the deprivation of rights, privileges, or, immunities secured by the United States Constitution and Federal Laws, by the conduct of a person acting under the color of the law. Jurisdiction in this Court is proper, pursuant to 28 U.S.C. § 1331; and, § 1343 (a)(3).

B.  Venue is proper under 28 U.S.C. § 1391 (b)(1) & (2), because the events; wrongs; and/or, omissions giving rise to the claim[s] herein, occurred in this District.

**I hereby certify under penalty of perjury that the above complaint is true to the best of my information, knowledge, and belief.**

Signed this 24th day of November, 2021

Plaintiff, Otha Eric Townsend

CORINE MARIE NEUMANN
NOTARY PUBLIC
MINNESOTA

4