## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Otha Eric Townsend, | Case No. 22-cv-358 (DSD/TNL) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Paul Schnell, Minnesota Commissioner of Corrections, in his individual and official capacity, | |
| Defendant. | |

Otha Eric Townsend, pro se.

Rachel E. Bell-Munger, Minnesota Attorney General's Office, for defendant.

\*\*\*

Plaintiff Otha Eric Townsend was found guilty in Minnesota state court of first-degree murder in 1994.  *See State v. Townsend*, 546 N.W.2d 292 (Minn. 1996).  The required term of imprisonment imposed for the offense under Minnesota law was at that time, as it still is today, life imprisonment.  *See* Minn. Stat. § 609.185.  That said, persons convicted under § 609.185 such as Townsend become eligible for supervised release under Minnesota law after "having served a minimum term of 30 years."  Minn. Stat. § 244.05, subd. 4 (1992).  The decision whether to grant or deny supervised release at the end of the mandatory 30-year term of imprisonment is entrusted to the Commissioner of the Minnesota Department of Corrections, who may, "under rules promulgated by the commissioner, give supervised release to an inmate serving a mandatory life sentence

1

under section 609.185 . . . after the inmate has served the [30 year] minimum term of imprisonment . . . ." Minn. Stat. § 244.05, subd. 5 (1992).

Townsend is nearing the conclusion of his mandatory 30-year term of imprisonment on the 1994 first-degree murder conviction.[1] In preparation for that date, an advisory panel of the Minnesota Department of Corrections conducted a hearing pursuant to Minn. R. 2940.1800 ("Rule 2940.1800") to assess the appropriateness of Townsend being granted supervised release after his 30-year mandatory term has ended. Following the hearing, defendant Paul Schnell, the Commissioner of the Minnesota Department of Corrections, informed Townsend that he would be required (among other things) to stay discipline free and participate in rehabilitative programming if supervised release were to be granted once he becomes eligible. *See* Pl. Ex. at 6-7 [ECF No. 1-1].

Townsend brings this action under 42 U.S.C. § 1983 challenging the legality of the review determination and the process by which the review determination was made. According to Townsend, the requirement that he undergo rehabilitative programming as a prerequisite of being granted supervised release amounts to additional punishment for his offense in violation of the *ex post facto* clause of the federal constitution. Townsend also objects to the specific process by which the programming requirement was imposed, arguing that the Rule 2940.1800 was not in place at the time of his conviction and that the

---

[1] The precise date on which that 30-year mandatory term will be completed is a matter of dispute between the parties — Townsend believes that he is eligible for supervised release in September 2023, *see* Compl. at 2 [ECF No. 1] while defendant Paul Schnell argues that Townsend is not eligible for release until September 2024, *see* Mem. in Opp. to Motion for Prelim. Inj. at 4 [ECF No. 16]. The dispute is not relevant to the claim at issue in this lawsuit.

advisory panel therefore has no authority to make recommendations regarding the actions that prisoners serving a life sentence must complete to become eligible for supervised release. In addition, Townsend suggests that, despite the clear language of § 244.05 that the Commissioner *may* grant supervised release, Minnesota law mandates that persons serving a sentence for first-degree murder under § 609.185 *must* be granted supervised release at the end of the 30-year mandatory prison term. Townsend seeks declaratory and injunctive relief (including preliminary injunctive relief) from the programming requirement.[2]

This matter is before the Court on Schnell's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] Upon review of the submissions from the parties, this Court concludes that Townsend's claim is partly barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that to the extent that *Heck* does not bar

---

[2] The complaint also requests monetary relief, *see* Compl. at 4, but Townsend's memorandum in opposition to the motion to dismiss is not clear regarding whether he is continuing to seek that relief, *see generally* ECF No. 17. In any event, the monetary aspect of Townsend's claim need not be addressed separately because that aspect of the claim fails for the same reasons that Townsend is not entitled to declaratory or injunctive relief — the claim is partly barred by *Heck* and partly insufficient as a matter of law.

[3] Schnell also requests dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure to the extent that Townsend seeks monetary relief from him in his official capacity as an agent of the State of Minnesota. The Court agrees that it would lack jurisdiction over any such claims due to the sovereign immunity of the State of Minnesota, *see, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), but Townsend also names Schnell as a defendant in his individual capacity. The complaint may reasonably be interpreted as seeking monetary relief from Schnell only in that individual capacity, and the Court has jurisdiction over that claim (as opposed to any official-capacity claims for monetary damages). Accordingly, the Court recommends dismissal of the entire action pursuant to Rule 12(b)(6).

the claim, Townsend has failed to state a claim on which relief may be granted. It is therefore recommended that Schnell's motion to dismiss be granted and that this matter be dismissed without prejudice.

*Heck* established the rule that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted). Although *Heck* on its face bars only claims for monetary compensation, the rule of that decision has been expanded to any claim under § 1983 that necessarily calls into question the legality of the fact or duration of a prisoner's facially valid confinement, regardless of the remedy sought for that claim. *See, e.g.*, *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (collecting cases). Put at its most simple, Townsend cannot challenge the legality of his sentence through claims brought under § 1983 unless and until that sentence is invalidated through a more appropriate procedural vehicle.[4]

---

[4] The correct procedural vehicle for Townsend to present such claims in federal court would be through a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254. Reinterpretation of Townsend's pleading as a habeas petition would do little good in this case, however, as there is no indication that Townsend has yet exhausted available state-court remedies for his claims. *See* 28 U.S.C. § 2254(b). Thus,

Schnell is correct that, insofar as Townsend argues that he is entitled to supervised release the moment that his 30-year mandatory term of imprisonment expires, *Heck* plainly bars substantive review of that claim under § 1983, *see, e.g.*, *Robertson v. Sumner*, 218 F. App'x 548, 549 (8th Cir. 2007), as this aspect of Townsend's claim necessarily implies the unlawfulness of his continued detention, *see Wilkinson v. Dobson*, 544 U.S. 74, 81-82 (2005). Whatever the merits of Townsend's argument that state law compels his release after 30 years have passed, *Heck* precludes recovery on that claim until the time that Townsend has succeeded through a more appropriate procedural vehicle. The Court cannot declare Townsend's term of imprisonment unlawful in an action under § 1983.

That said, although aspects of Townsend's complaint and accompanying materials can be interpreted as arguing that he is entitled as a matter of Minnesota law to release as soon as his 30-year mandatory term of imprisonment expires, the complaint can also be interpreted as raising two somewhat more limited claims for relief. First, Townsend may be interpreted as arguing that, regardless of whether he is entitled to release as of a certain date, the State of Minnesota cannot impose conditions on the granting of that release, such as the completion of rehabilitative programming, that were not established by law at the time of his offense. If successful on this claim, Townsend would not *necessarily* be entitled to release; he would only be entitled to removal of the unlawful additional conditions imposed as a requirement for release. *Heck* therefore does not bar

---

even if this case were reinterpreted as a habeas matter, dismissal would be appropriate. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

5

this aspect of Townsend's claim. *See Hunter v. Owens*, 375 F. App'x 427, 428-29 (5th Cir. 2010) (per curiam). Second, Townsend suggests that regardless of whether the commissioner may decline to grant supervised release, Rule 2940.1800 had not been enacted at the time of his offense, and therefore the advisory panel established pursuant to Rule 2940.1800 may not be involved in the process for determining his eligibility for release. Again, this aspect of Townsend's claim does not necessarily imply the invalidity of his detention, only the invalidity of the process used to determine whether he should be detained. This claim, too, is not barred by *Heck*.

To the extent that Townsend is successful in avoiding *Heck*, however, he runs into a second problem — he has not stated a claim on which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

6

First, Townsend argues that, by requiring that he undergo rehabilitative programming before becoming eligible for supervised release, Schnell has imposed conditions not established by law at the time of the offense, in violation of the *ex post facto* clause of the federal constitution. "The States are prohibited from enacting an *ex post facto* law." *Garner v. Jones*, 529 U.S. 244, 249 (2000) (citing U.S. Const., Art. I, § 10, cl. 1). "Retroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." *Id*. But to establish an *ex post facto* violation, Townsend must show — at the very minimum — that there has *been* a retroactive change in the law relevant to his case. No such retroactive change in the law has been adequately alleged. At the time of Townsend's offense, Minnesota law permitted the Commissioner of the Minnesota Department of Corrections to make a discretionary decision regarding whether a person convicted of first-degree murder under § 609.185 should be granted supervised release after 30 years. *See* Minn. Stat. § 244.05, subd. 5 (1992). In making that determination, the commissioner is entitled — as he was at the time Townsend committed the offense of conviction, *see* Minn. R. 2940.1800 (1991) — to rely upon the advice of a panel convened to review the suitability of each eligible inmate's claim to supervised release. To be sure, the statute in place at the time of Townsend's conviction did not require rehabilitative programming as a condition of parole. But then neither does the statute of today. Instead, the requirement of rehabilitative programming was imposed pursuant to the commissioner's discretionary authority to determine whether supervised release would be appropriate. And the

7

commissioner has had this discretionary authority under state law at all times since Townsend committed the offense of conviction.

Nevertheless, Townsend — relying heavily on *Rud v. Fabian*, 743 N.W.2d 295 (Minn. Ct. App. 2007) — argues that the Minnesota Department of Corrections cannot impose treatment, specifically, as a condition of release. *Rud*, however, is inapposite.

The plaintiff in *Rud* had been convicted of multiple sexual offenses. Years after the plaintiff had been convicted and sentenced, the State of Minnesota enacted a law requiring that the commissioner establish "appropriate mental health programs and vocational and educational programs with employment-related goals." Minn. Stat. § 244.03. The statute expressly provided that "[t]he commissioner may impose disciplinary sanctions upon any inmate who refuses to participate in rehabilitative programs." *Id*. The plaintiff in *Rud* was ordered by the Minnesota Department of Corrections to undergo sex-offender treatment pursuant to this statute. When he refused, the plaintiff lost 90 days of good-time credit to which he otherwise would have been entitled. On state habeas review, the Minnesota Court of Appeals concluded that the treatment requirement — and the punishment of loss of good-time credit attached to the treatment requirement — amounted to a violation of the *ex post facto* clause. *Rud*, 743 N.W.2d at 302-04.

*Rud* differs from this matter, however, in that the plaintiff in *Rud* had a statutory entitlement to a specific date of release from incarceration, albeit one conditioned on good behavior. *Cf. Garner*, 529 U.S. at 258 (J. Scalia, concurring) ("A statutory parole system that reduces a prisoner's sentence by fixed amounts of time for good behavior

8

during incarceration can realistically be viewed as an entitlement — a reduction of the prescribed penalty . . . ."). Townsend, by contrast, had no such legal entitlement. The punishment imposed upon Townsend at the time of his conviction and sentencing was life imprisonment. Unlike the statutory good-time-credit provisions at issue in *Rud*, nothing in Minnesota law entitled Townsend to supervised release at any specific point during his term of life imprisonment. Instead, the decision whether to grant or deny supervised release has always been left by statute to the discretion of the commissioner. *See* Minn. Stat. § 244.05, subd. 5.

Second, Townsend suggests that whatever the *result* of the commissioner's review of his decision, the *process* by which the decision was made is unlawful because Rule 2940.1800, which establishes the advisory panel that assists in determining whether an inmate should be granted supervised release, was not enacted until after the date of his offense. As an initial matter, this assertion appears simply to be not true; a substantively identical version of Rule 2940.1800 establishing an advisory panel for assisting in decisions regarding supervised release was in effect at the time of Townsend's offense. *See* Minn. R. 2940.1800 (1991). But leaving this aside, even if it were true that the advisory panel had not been established at the time of Townsend's offense, Townsend has not alleged how the establishment of the advisory panel amounts to a violation of federal law.[5] Nothing in the complaint suggests that the procedures employed by the

---

[5] Insofar as Townsend might allege that the procedures violate *state* law, the Court lacks original jurisdiction over this claim, *see* 28 U.S.C. §§ 1331-1332, and should decline to exercise supplemental jurisdiction over the claim, *see Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

State of Minnesota under Rule 2940.1800 are inconsistent with due process as guaranteed by the federal constitution. Nor does Townsend establish that the use of an advisory panel for making recommendations regarding the appropriateness of supervised release amounts to additional punishment for his offense in violation of the *ex post facto* clause. Because Townsend cannot establish a violation of his constitutional rights resulting from the establishment of the advisory panel, he has not stated a claim on which relief may be granted under § 1983.

Thus, to the extent that Townsend's claim is not barred by *Heck*, the claim should be dismissed for failure to state a claim on which relief may be granted. Because of the application of the *Heck* doctrine to Townsend's claim, it is recommended that this matter be dismissed without prejudice. *See Gautreaux v. Sanders*, 395 F. App'x 311, 312-13 (8th Cir. 2010) (modifying dismissal under *Heck* to be without prejudice). That said, despite the recommendation of dismissal without prejudice, Townsend is warned he will not be permitted to pursue any aspect of his claims barred by *Heck* until such point as his conviction or sentence becomes invalidated through a more appropriate procedural vehicle. *Id*. Finally, because Townsend's claims are without merit, it is recommended that Townsend's motion for preliminary injunctive relief be denied.[6] *See Dataphase Sys.,*

---

[6] Had Townsend established a likelihood of success on the merits of his claims, this matter still would not be an especially strong candidate for preliminary injunctive relief. "Even when a plaintiff has a strong claim on the merits, preliminary injunctive relief is improper absent a showing of a threat of irreparable harm." *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 706 (8th Cir. 2011). Even on Townsend's version of events, he would not suffer any harm resulting from the commissioner's imposition of a treatment requirement until at the very earliest September 2023, the date that Townsend alleges he is eligible for (or entitled to) supervised release. No potential harm would

*Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981); *Shrink Mo. Gov't PAC v. Adams*, 151 F.3d 763, 764 (8th Cir. 1998) (noting that likelihood of success on the merits is "[t]he most important of the *Dataphase* factors.").

[Continued on next page.]

---

befall Townsend until that date, as on Townsend's own account, his term of imprisonment on the first-degree murder charge is mandatory until then.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The motion to dismiss of defendant Paul Schnell [ECF No. 11] be **GRANTED**.

2. The motion for a preliminary injunction of plaintiff Otha Eric Townsend [ECF No. 3] be **DENIED**.

3. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.


Date: April 25 , 2022 

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Townsend v. Schnell*
Case No. 22-cv-358 (DSD/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).